UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
UNITED STATES OF AMERICA, :
 :  **MEMORANDUM AND ORDER**
 -against- :
 :  05-CR-623 (DLI)
BENJAMIN FIGUEROA, et al., :
 :
 Defendants. :
----------------------------------------------------------x
**DORA L. IRIZARRY, U.S. District Judge:**

On November 17, 2006, defendant Benjamin Figueroa ("Defendant") pled guilty to conspiracy to distribute and possess with the intent to distribute crack cocaine as a lesser-included offense under the one count of the indictment. On February 20, 2008, Defendant was sentenced to 150 months' imprisonment. On March 25, 2009, Defendant's conviction was summarily affirmed by the Second Circuit Court of Appeals. *See United States v. Soto*, *et al.*, 2009 WL 765015 (2d Cir. 2009). On December 22, 2011, Defendant filed the instant motion requesting a sentence reduction. For the reasons set forth below, the motion is denied.

**I.  Background**

On November 17, 2006, pursuant to a plea agreement, Defendant pled guilty to the lesser-included offense under the one count of the indictment, conspiracy to distribute and possess with the intent to distribute 5 grams or more of cocaine base ("crack cocaine") in violation of 21 U.S.C. § 841(b)(1)(B). (Fenstermaker Decl. Ex. B ("Plea Agreement"), ¶ 1.) The parties agreed, as part of the plea agreement, that Defendant only would be responsible for the amount of drugs purchased by undercover agents and cooperators from Defendant and his codefendants. (*Id.* Ex. A ("Sentencing Tr."), 8-9.) The Government proffered that undercover agents and cooperators purchased 141 grams of crack cocaine from Defendant and his codefendants. (*Id.*) The plea agreement contained an estimated base offense level of 32,

1

pursuant to United States Sentencing Guidelines ("U.S.S.G.") §§ 2D1.1(a)(5) and 2D1.1(c)(4), which corresponded to offenses involving 50 to 150 grams of crack cocaine. (Plea Agreement ¶ 2.)[1]

On February 20, 2008, Defendant was sentenced to 150 months' imprisonment. (*See* Feb. 20, 2008 Minute Entry, Dkt. Entry 169.) After taking into account: 1) Defendant's timely acceptance of responsibility; 2) eligibility for two global plea point reduction because defendant and all of his codefendants timely pled guilty; 3) Defendant's managerial role in the narcotics trafficking activities of the "Bushwick Tribe" of the Latin Kings gang; and 4) Defendant's possession of a firearm during the commission of a narcotics trafficking offense, the court determined that Defendant's total offense level was 30. (Sentencing Tr. 16-20.) With Defendant's level III criminal history category, the applicable U.S.S.G. range was 121 to 151 months' imprisonment. (*Id.* at 20.)

On direct appeal by Defendant, the Second Circuit Court of Appeals summarily affirmed his sentence on March 25, 2009. *See United States v. Soto*, *et al.*, 2009 WL 765015 (2d Cir. 2009).

On December 22, 2011, Defendant filed the instant motion requesting a sentence reduction pursuant to 18 U.S.C. § 3582 and U.S.S.G. § 1B1.10.

## II.    Legal Standard

On August 3, 2010, the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-222, 124 Stat. 2372 (2010), went into effect increasing the amount of crack cocaine required to trigger mandatory minimum sentences and directing the United States Sentencing Commission to

---

[1] The U.S.S.G. Manual effective November 1, 2007 was in effect at the time Defendant was sentenced. Notably, that U.S.S.G. Sentencing Manual contained a base offense level reduction of two levels from the previous manual based on the sentencing disparity between crack cocaine and powder cocaine.

2

implement comparable changes in the U.S.S.G. *See also* U.S.S.G. App. C Amendment 750 (Nov. 1, 2011). As relevant here, the U.S.S.G. now provides for a base offense level of 26 where a defendant is responsible for between 28 and 112 grams of crack cocaine and a base offense level of 28 where a defendant is responsible for between 112 and 196 grams of crack cocaine. *See* U.S.S.G. §§ 2D1.1(c)(6) and (7). As the parties agree, the amended crack cocaine guidelines are "covered amendments" under U.S.S.G. § 1B1.10(c) that can be applied retroactively and used to reduce a defendant's sentence.[2] *See* U.S.S.G. § 1B1.10(c) (listing Amendment 750 as a covered amendment).

> Pursuant to 18 U.S.C. § 3582(c)(2), a court may modify a term of imprisonment:
>
> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Accordingly, "[a] court must first determine that a reduction is consistent with [U.S.S.G.] § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *Dillon v. United States*, 130 S. Ct. 2683, 2691 (2010). U.S.S.G. § 1B1.10(a)(1) directs that "any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement." U.S.S.G. § 1B1.10, application note 1, subsection (B)(ii)-(iii) provides that, in considering any sentence reduction, the court "shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment" and "may consider post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment."

---

[2] By an opinion issued June 12, 2012, the U.S. Supreme Court held that the FSA could be applied retroactively. *See Dorsey v. United States*, ––– U.S. –––, 132 S. Ct. 2321 (2012).

3

Similarly, Section 3553(a) states that a court "shall impose a sentence sufficient, but not greater than necessary" to fulfill certain penological purposes, such as:

> the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2). A court must also consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; . . . (3) the kinds of sentences available; (4) [the sentencing range established by the Sentencing Guidelines]; (5) [any pertinent Sentencing Guidelines policy statement]; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

## III. Discussion

Defendant argues that, in light of the amendments to the U.S.S.G. following the enactment of the FSA, the court should resentence him using an offense level of either 26 or 28 and, applying a Criminal History Category of III, the resulting U.S.S.G. range of either 78 to 97 or 97 to 121 months' imprisonment. (*See* Figueroa Mem. 5-6.)

More specifically, Defendant argues that the precise amount of crack cocaine for which Defendant was responsible was never determined, only that it was somewhere between 50 and 150 grams. Defendant requests that the court use a base offense level of 26 in making a resentencing determination, which corresponds with responsibility for between 28 and 112 grams of crack cocaine under amended U.S.S.G § 2D1.1(7). According to Defendant, this base offense level would result in a total level of 26 after taking into account Defendant's acceptance of responsibility and plea agreement reductions, and firearms and managerial role enhancements,

4

resulting in a U.S.S.G range of 78 to 97 months' imprisonment when applying Defendant's Criminal History Category of III. In the alternative, Defendant argues that the court should use a base offense level of 28, which corresponds with responsibility for between 112 and 196 grams of crack cocaine under amended U.S.S.G. § 2D1.1(6). Defendant asserts that, after taking into account the relevant reductions and enhancements, the total level would be 28, corresponding to a U.S.S.G. range of 97 to 121 months' imprisonment, considering Defendant's Criminal History Category of III.

The Government agrees that the court may consider whether to reduce Defendant's sentence pursuant to the U.S.S.G. amendments, but argues that Defendant's sentence should not be reduced. (Gov. Opp. 3-5.) The Government argues that, at a minimum, the court should reject Defendant's argument that his sentence should be modified according to a total offense level of 26 because, at the time of sentence, the Government had proffered that Defendant and his codefendants sold 141 grams of crack cocaine to undercover agents and cooperators during the course of the conspiracy. According to the Government, the total offense level in this case should therefore be 28. (*Id.* at 3-4.) The Government also contends that, regardless of Defendant's offense level, the court should not reduce Defendant's sentence because his post-sentencing conduct indicates that he remains a danger to the community. Specifically, the Government asserts that Defendant has committed serious violations of Bureau of Prisons regulations, including possessing intoxicants on two occasions and possessing weapons on two occasions. (*Id.* at 4-5; *see also* Third Addendum to the Presentence Report by Probation Dep't, Dkt. Entry 222 ("Third Addendum").)

Defendant's request for a sentence reduction is denied based on the totality of the circumstances in this case. Such a reduction would be inconsistent with U.S.S.G. § 1B1.10

because Defendant's post-conviction conduct indicates that he is still a threat to the community. *See United States v. Stewart*, 367 F. App'x 201, 202-03 (2d Cir. 2010) (district court appropriately considered post-conviction conduct and defendant's criminal history in denying sentence reduction); *United States v. Gregory*, 350 F. App'x 536, 538 (2d Cir. 2009) (affirming denial of sentence reduction where district court "appropriately considered" that the defendant "has a lengthy criminal history and that Bureau of Prisons records indicate that he has been involved in violent altercations while incarcerated"); *United States v. Mitchell*, 2012 WL 28495, at *3 (S.D.N.Y. Jan. 5, 2012) (sentence reduction denied where "troubling conduct has continued during [defendant's] incarceration"); *United States v. Ruiz*, 2011 WL 6348028, at *2 (S.D.N.Y. Dec. 14, 2011) (no sentence reduction warranted because of defendant's disciplinary violations while in prison).

According to the Third Addendum to the PSR submitted by the United States Probation Department ("Third Addendum"), Defendant has incurred eight disciplinary sanctions while incarcerated, five of which (and the most violent) occurred after he was sentenced. (Third Addendum at 2.) These sanctions were for serious violations, such as possession of a dangerous weapon (twice) and possession of intoxicants (twice). (*Id.*) Most recently, on December 20, 2011, Defendant was sanctioned for assaulting another inmate. (*Id.*) Moreover, Defendant possessed a firearm during the commission of a narcotics offense and Defendant had a managerial role in the narcotics distribution business of the "Bushwick Tribe" of the Latin Kings gang, which is notorious for its violence. The court, in calculating his sentencing guidelines range and imposing the sentence, held Defendant accountable only for 141 grams of crack cocaine, the amount sold to undercover agents and cooperators. (*See* Sentencing Tr. 16-20.) However, at the time of sentencing, the court also made it clear that this amount of crack cocaine

was a grossly conservative underestimate of the amount of crack cocaine sold by Defendant and his co-conspirators. (*Id.* at 8.) The court also noted that Defendant's prior criminal history included acts of violence and concluded that a sentence at the high end of the sentencing guideline range was appropriate. In light of Defendant's post-sentence conduct, the severity of his crime, as well as his previous criminal history, which included acts of violence, the court concludes that Defendant would pose a risk to the community if he were to be released. Accordingly, a sentence reduction is not warranted.[3]

## III. Conclusion

For the reasons set forth above, after taking into account the factors the court must consider pursuant to U.S.S.G. § 1B1.10 and 18 U.S.C. § 3553(a), Defendant's motion for a reduction of his sentence is denied in its entirety.

SO ORDERED.

DATED:  Brooklyn, New York
        August 10, 2012

_____/s/_____
DORA L. IRIZARRY
United States District Judge

---

[3] In his reply, Defendant, for the first time, requests the court allow him to provide an updated sentencing submission pursuant to Rule 32 of the Federal Rules of Criminal Procedure and require the Government to submit an updated presentence report in light of the Government's factual assertions about Defendant's post-sentencing conduct. (*See* Reply Mem. 1.) Subsequent to Defendant's reply, the U.S. Probation Department submitted the Third Addendum supporting the Government's contention that Defendant has incurred multiple sanctions while incarcerated. In any event, a sentence modification proceeding under 18 U.S.C. § 3582(c)(2) is not a plenary sentencing proceeding and, thus, Rule 32 is inapplicable. *See Dillon*, 130 S. Ct. at 2690-91; *United States v. Simmons*, 327 F. App'x 305, 306-07 (2d Cir. 2009) (rejecting defendant's argument that a 18 U.S.C. § 3582(c)(2) proceeding violated Rule 32 where defendant purportedly did not get a chance to respond to the Government's descriptions of defendant's post-sentence disciplinary record); *United States v. Jones*, 298 F. App'x 70, 72 (2d Cir. 2008) ("A court's resolution of a motion for sentence reduction need not constitute a full-blown resentencing procedure. . . . As such, it is clear that no notice or hearing were required here.") Consequently, Defendant's request is denied.

7